IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA MARIE RAMOS-SANTOYA,<br><br>              Plaintiff,<br><br>     vs.<br><br>JOSE ANTONIO LAGUNAS, et al,<br><br>              Defendants.<br>_____/ | CASE NO. CV F 08-1868 LJO GSA<br><br>**ORDER ON DEFENDANTS' F.R.Civ.P. 12(b)(6) MOTION TO DISMISS AND PLAINTIFF'S MOTION TO REMAND**<br>(Docs. 7, 8, 9.) |

### INTRODUCTION

Defendants Embassy of Mexico ("Embassy") and its employee Jose Antonio Lagunas ("Mr. Lagunas")[1] seek to dismiss plaintiff Amanda Marie Ramos-Santoya's ("Ms. Ramos-Santoya's") motor vehicle personal injury claims as barred by immunity of the Vienna Convention of Consular Relations ("Vienna Convention"). Ms. Ramos-Santoya complains that the Embassy defendants' removal of this action from state court was untimely to require remand. This Court considered the Embassy defendants' F.R.Civ.P. 12(b)(6) motion to dismiss and Ms. Ramos-Santoya's remand motion on the record and VACATES the January 28, 2009 hearing on the Embassy defendants' F.R.Civ.P. 12(b)(6) motion and the February 17, 2009 hearing on Ms. Ramos-Santoya's remand motion. For the reasons discussed below, this Court DISMISSES this action against the Embassy defendants and DENIES remand to state court.

---

[1] The Embassy and Mr. Lagunas will be referred to collectively as the "Embassy defendants."

# BACKGROUND

## Ms. Ramos-Santoya's Collision

Ms. Ramos-Santoya claims she suffered personal injuries when her car collided with a car driven by Mr. Lagunas, an Embassy consular employee. The collision occurred November 17, 2005 in Fresno. At the time of the collision, Mr. Lagunas' car was operated by the Embassy and insured by American International Underwriters and/or The Insurance Company of the State of Pennsylvania.[2]

## Ms. Ramos-Santoya's State Court Action

On September 26, 2007, Ms. Ramos-Santoya filed in the Fresno County Superior Court a California Judicial Council form complaint against the Embassy defendants to allege that they "negligently and carelessly owned and controlled their vehicle by colliding into plaintiffs [sic] vehicle whereby causing injuries to plaintiff." Ms. Ramos-Santoya delayed to August 8, 2008 to serve the Mexican Consulate in Fresno with the summons and form complaint. On December 3, 2008, the Embassy defendants filed their notice to remove the state court action on grounds that Ms. Ramos-Santoya's claims are subject to exclusive federal jurisdiction. The Embassy defendants note that their counsel served Ms. Ramos-Santoya's counsel by mail on December 3, 2008 a "Notice to Adverse Party of Removal to Federal Court." Ms. Ramos-Santoya's counsel claims that he was not served with the Embassy defendants' removal notice until December 10, 2008, the date on which the removal notice was filed in the Fresno County Superior Court.

On December 31, 2008, Ms. Ramos-Santoya filed in this Court her objection that the Embassy defendants' removal was untimely as beyond the 30-deadline of 28 U.S.C. § 1441(b). Ms. Ramos-Santoya further objected that the removal notice was untimely served on her counsel. On January 9, 2009, Ms. Ramos-Santoya filed her motion to remand this action to state court based on untimely removal and service of the removal notice.

///

---

[2] This Court is unsure whether Mr. Lagunas' car was insured by American International Underwriters or The Insurance Company of the State of Pennsylvania in that the Embassy defendants' Reply indicates that The Insurance Company of the State of Pennsylvania was erroneously identified as American International Underwriters in the Embassy defendants' moving papers. However, the Reply papers continue to refer to American International Underwriters. *See* Reply, p. 2, line 13. For ease and convenience, this Court will refer to the Embassy defendants' effective insurer as "Insurer." This Court ORDERS the Embassy defendants' counsel to provide Ms. Ramos-Santoya's counsel with the Insurer's correct identity.

**Ms. Ramos-Santoya's Dismissed Federal Action**

On November 19, 2007, Ms. Ramos-Santoya filed a motor vehicle personal injury action in this Court against the Embassy defendants based on the November 17, 2005 collision with Mr. Lagunas' car. That action was entitled *Amanda Marie Ramos-Santoya v. Jose Antonio Lagunas, et al.*, Case No. CV F 07-1672 LJO GSA ("Case No. 07-1672"). Ms. Ramos-Santoya did not serve the Embassy defendants with a summons and complaint for Case No. 07-1672, and the Embassy defendants did not appear in Case No. 07-1672.

Ms. Ramos-Santoya failed to comply with this Court's April 25, 2008 order to file papers to show good cause why the Embassy defendants should not be dismissed for failure to serve timely the Embassy defendants with a summons and complaint. This Court's May 5, 2008 order dismissed Case No. 07-1672 without prejudice based on Ms. Ramos-Santoya's failure to comply with F.R.Civ.P. 4(m) to accomplish timely service of process and this Court's April 25, 2008 order.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Standards

The Embassy defendants seek to dismiss this action as barred by Vienna Convention immunity and the need for Ms. Ramos-Santoya to pursue claims directly against the Embassy defendants' Insurer. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light

most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

With these standards in mind, this Court turns to the Embassy defendants' challenges to Ms. Ramos-Santoya's claims against them and Ms. Ramos-Santoya's complaints over the Embassy defendants' removal of her state court action.

## Immunity And Direct Insurer Action

The Embassy defendants note that the Embassy, of which the consulate is party, is a "foreign state" in that it is "a separate legal person . . . which is an organ of a foreign state or political subdivision thereof" and "which is neither a citizen of a State of the United States . . . nor created under the laws of a third county." 28 U.S.C. § 1603(b). Under the Vienna Convention to which the United States and Mexico are parties, a consul "is not amenable to the jurisdiction of judicial or administrative authorities of the receiving state in respect to acts performed in the exercise of consular functions." *Foxgord v. Hischemoeller*, 820 F.2d 1030, 1033 (9th Cir. 1987), *cert. denied*, 484 U.S. 986, 108 S.Ct. 503 (1987).

The Embassy defendants argue that they are immune under the Vienna Convention for civil actions such as Ms. Ramos-Santoya's and that the Embassy's defendants' Insurer is the proper defendant. The Embassy defendants point out that 22 U.S.C. § 254e requires each mission, members of the mission and their families, and individuals described in section 19 of the Convention on Privileges and Immunities of the United Nations of February 13, 1946 to establish liability insurance requirements

for each foreign mission to compensate victims when the insured diplomat enjoys immunity.[3]

28 U.S.C. 1364(a) creates direct actions against insurers of members of diplomatic missions and their families and provides:

> The district courts shall have **original and exclusive jurisdiction**, without regard to the amount in controversy, of any civil action commenced by any person against an insurer who by contract has insured an individual, who is, or was at the time of the tortious act or omission, a member of the mission . . . or a member of the family of such member of a mission, or an individual described in section 19 of the Convention on Privileges and Immunities of the United Nations of February 13, 1946, against liability for personal injury, death, or damage to property.  (Bold in original.)

28 U.S.C. § 1364 "creates a direct cause of action against those who insure members of diplomatic missions, eliminates the insurer's defense that the insured was immune from suit, and confers exclusive and original jurisdiction upon the federal district courts to entertain such actions against insurers." *Windsor v. State Farm Ins. Co.,* 509 F.Supp. 342, 343 (D.C. Cir. 1981).  The Embassy defendants explain that 28 U.S.C. § 1364 creates a substantive right of a damaged party to proceed directly against the insurer when the insured diplomat has immunity.

Ms. Ramos-Santoya notes that she was not entitled to sue the Embassy defendants' insurer in state court. *See Royal Indem. Co. v. United Enterprises, Inc.*, 162 Cal.App.4th 194, 205, 75 Cal.Rptr.3d 481 (1980).  As such, she argues that she "cannot be held accountable for any defect in the pleading under Federal Procedural law."

The Embassy defendants are correct that Ms. Ramos-Santoya's claims are subject to a direct action against the Embassy defendants' Insurer in federal court.  The Embassy defendants are not proper defendants and are entitled to dismissal.  A claim that the Embassy defendants' Insurer is not subject to a state court action is immaterial given federal court "original and exclusive" jurisdiction over Ms. Ramos-Santoya's claims.  In short, Ms. Ramos-Santoya wrongfully pursued the Embassy defendants in state court.

---

[3]   22 U.S.C. § 254e(b) addresses the establishment of liability insurance requirements and provides:

The Director of the Office of Foreign Missions shall, by regulation, establish liability insurance requirements which can reasonably be expected to afford adequate compensation to victims and which are to be met by each mission, members of the mission and their families, and individuals described in section 19 of the Convention on Privileges and Immunities of the United Nations of February 13, 1946, relating to risks arising from the operation in the United States of any motor vehicle, vessel, or aircraft.

**Untimely Removal And Attempt To Remand**

Ms. Ramos-Santoya complains that the Embassy defendants' removal from state court is untimely. 28 U.S.C. § 1441(a) permits a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The Embassy defendants assert original jurisdiction under 28 U.S.C. § 1330 (actions against foreign states) and 28 U.S.C. § 1351 (consuls, vice consuls, and members of a diplomatic mission). Ms. Ramos-Santoya focuses on the timing of the Embassy defendants' removal, not this Court's original jurisdiction.

28 U.S.C. § 1446(b) sets a 30-day limit to remove an action:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .

The Embassy defendants' removal notice indicates that they were served with the summons and complaint on August 8, 2008, more than 30 days prior to their December 3, 2008 removal notice. Although the Embassy defendants appear to concede untimely removal, they note that Ms. Ramos-Santoya's remand motion is untimely to constitute a waiver. 28 U.S.C. § 1447(c) sets a deadline for a remand motion:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

On December 3, 2008, the Embassy defendants served by mail on Ms. Ramos-Santoya's counsel a notice to adverse party of removal to federal court. Such notice gave Ms. Ramos-Santoya up to January 5, 2009 to seek remand. Ms. Ramos-Santoya delayed until January 9, 2009 to file her remand motion, and her December 31, 2008 objections to removal do not suffice as a remand motion. Ms. Ramos-Santoya's remand motion is untimely, despite her counsel's unsubstantiated, dubious claim that he was not provided with a removal notice until December 10, 2008.

Moreover, Ms. Ramos-Santoya's complaint of untimely removal rings hallow in that she has sued improper defendants and has failed to invoke this Court's subject matter jurisdiction as required to pursue her claims. "The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir.

1980). Dismissal of this action against the Embassy defendants renders moot untimely removal. Remand to state court will resolve nothing in that federal courts have exclusive jurisdiction over the proper defendant subject to Ms. Ramos-Santoya's claims, that is, the Embassy defendants' Insurer. Moreover, Ms. Ramos-Santoya filed Case No. 07-1672 against the Embassy defendants in this Court and failed to prosecute it. This Court will not reward Ms. Ramos-Santoya for her dilatory conduct and mismanagement of her claims against improper defendants. Moreover, Ms. Ramos-Santoya's claim of delayed service of the Embassy defendants' removal notice is inconsequential given the absence of state court jurisdiction and her failure to pursue claims against the proper defendant Insurer.

Ms. Ramos-Santoya claims "it would be fundamentally unfair to remove the case to Federal jurisdiction where the pleading rules are different and then move to dismiss without giving plaintiff the opportunity to amend the complaint." Ms. Ramos-Santoya appears to seek leave to amend her complaint to add the Embassy defendants Insurer as the correct defendant.

This Court is wary of Ms. Ramos-Santoya's attempts to pursue her claims. She has filed an improper state court action and a federal court action against incorrect defendants and which was dismissed based on Ms. Ramos-Santoya's failure to serve defendants and to comply with this Court's order. Nonetheless, this Court will grant Ms. Ramos-Santoya one last chance to get it right and to file and serve an amended complaint to name the proper defendant Insurer subject to her claims.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against the Embassy defendants;
2. DIRECTS the clerk to enter judgment in favor of defendants Embassy of Mexico and Jose Antonio Lagunas and against plaintiff Amanda Marie Ramos-Santoya;
3. DENIES remand of this action to state court;
4. ORDERS the Embassy defendants' counsel, no later than January 28, 2009, to provide Ms. Ramos-Santoya's counsel the correct identity of the Embassy defendants' Insurer; and
5. ORDERS Ms. Ramos-Santoya, no later than February 9, 2009, to file her amended complaint to name the Embassy defendants' Insurer as defendant, to serve the Embassy

defendants' Insurer with her amended complaint, and to file papers to prove appropriate service of the Embassy defendants' Insurer of her amended complaint. **This Court ADMONISHES Ms. Ramos-Santoya and her counsel that this Court will dismiss this action if Ms. Ramos-Santoya and/or her counsel fail to comply with this order.**

IT IS SO ORDERED.

Dated:   **January 23, 2009**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE