IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA MARIE RAMOS-SANTOYA,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br><br>　　　　　　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | CASE NO. CV F 08-1868 LJO GSA<br><br>**ORDER ON DEFENDANT INSURER'S F.R.Civ.P. 12 MOTION TO DISMISS**<br>(Doc. 23.) |

**INTRODUCTION**

Defendant Insurance Company of the State of Pennsylvania ("insurer") seeks to dismiss as time barred plaintiff Amanda Marie Ramos-Santoya's ("Ms. Ramos-Santoya's") motor vehicle personal injury action. Ms. Ramos-Santoya responds that her first amended complaint ("FAC"), which first names insurer as a defendant more than three years after her subject automobile collision, is satisfactory. This Court considered insurer's F.R.Civ.P. 12(b)(5) and (b)(6) motion to dismiss on the record and VACATES the April 9, 2009 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DISMISSES this action.

**BACKGROUND**

**Ms. Ramos-Santoya's Collision**

Ms. Ramos-Santoya claims that she suffered personal injuries when her car collided with a car driven by former defendant Jose Antonio Lagunas ("Mr. Lagunas"), an employee of former defendant

1

Embassy of Mexico ("Embassy"). The collision occurred November 17, 2005 in Fresno. At the time of the collision, Mr. Lagunas' car was owned by the Embassy and insured by insurer. The parties do not dispute that Mr. Lagunas acted within the scope of his Embassy employment at the time of the collision.

### Ms. Ramos-Santoya's State Court Action

On September 26, 2007, Ms. Ramos-Santoya filed in the Fresno County Superior Court a California Judicial Council form complaint against the Embassy and Mr. Lagunas to allege that they "negligently and carelessly owned and controlled their vehicle by colliding into plaintiffs [sic] vehicle whereby causing injuries to plaintiff." Ms. Ramos-Santoya delayed to August 8, 2008 to serve the Mexican Consulate in Fresno with the summons and form complaint. On December 3, 2008, the Embassy and Mr. Lagunas filed their notice to remove to this Court the state court action on grounds that Ms. Ramos-Santoya's claims are subject to exclusive federal jurisdiction. The Embassy and Mr. Lagunas served Ms. Ramos-Santoya by mail on December 3, 2008 a "Notice to Adverse Party of Removal to Federal Court."[1]

This Court's January 23, 2009 order ("January 23 order") dismissed this action against the Embassy and Mr. Lagunas in that the insurer is the proper defendant subject to this Court's exclusive jurisdiction under 28 U.S.C. § 1364(a). In response to the January 23 order, Ms. Ramos-Santoya filed her FAC on February 6, 2009 against insurer to pursue claims arising from the collision with Mr. Lagunas' vehicle. Ms. Ramos-Santoya seeks to recover for personal injuries, lost earnings and damages to her vehicle. Insurer was served with the FAC on February 9, 2009.

### DISCUSSION

### F.R.Civ.P. 12(b)(5) and (b)(6) Standards

Insurer seeks to dismiss this action under F.R.Civ.P. 12(b)(5) for "insufficient service of process." A F.R.Civ.P. 12(b)(5) motion properly challenges the mode of delivery or lack of delivery of the summons and complaint. *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006); *United States v. Hafner*, 421 F.Supp.2d 1220, 1223, n. 3 (D. N.D. 2006).

In addition, insurer seeks dismissal on grounds that Ms. Ramos-Santoya failed to satisfy the two-

---

[1] Ms. Ramos-Santoya's counsel claims that he did not receive the removal notice until December 10, 2008 when it was faxed to his office at his request.

2

year limitations period of California Code of Civil Procedure section 335.1 to pursue a claim against insurer. A limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).[2]

With these standards in mind, this Court turns to insurer's challenges to Ms. Ramos-Santoya's action against insurer.

### **Relation Back**

Insurer argues that the FAC fails to satisfy F.R.Civ.P. 15 to relate back to the September 26, 2007 filing of Ms. Ramos-Santoya's complaint against the Embassy and Mr. Lagunas in state court. Ms. Ramos-Santoya responds that the January 23 order moots the relation back question in that it permitted Ms. Ramos-Santoya to file the FAC to name insurer as a defendant.

F.R.Civ.P. 15(c)(1) provides in pertinent part:

> (1) ***When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
>
> . . .
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending the merits; and

---

[2] Ms. Ramos-Santoya's contentions that the FAC satisfies pleading requirements are immaterial in that insurer challenges the timeliness of her pursuit of claims against insurer.

3

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

F.R.Civ.P. 15(c) "is the only vehicle through which a plaintiff may amend his complaint, after a statute of limitation period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run." *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1399 (9th Cir. 1984).

Insurer contends that Ms. Ramos-Santoya's violation of F.R.Civ.P. 4(m) does not afford her "the right to amend her complaint adding a new defendant that relates back to the filing of the original complaint." F.R.Civ.P. 4(m) sets a 120-day deadline to serve a summons and complaint:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[3]

F.R.Civ.P. 4(m) "encourages efficient litigation by minimizing the time between commencement of an action and service of process." *Electric Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 311 (9th Cir. 1992) (addressing former F.R.Civ.P. 4(j)).

Insurer argues that Ms. Ramos-Santoya failed to comply with F.R.Civ.P. 15(c) to provide insurer sufficient notice of the pendency of an action against the Embassy and Mr. Lagunas. Insurer claims unfair prejudice arising from the more than three years which have passed since Ms. Ramos-Santoya's collision and delays to pursue her claims, including identifying insurer as the proper defendant. Insurer argues that it will be further "prejudiced by having to defend an action that is beyond the applicable statute of limitations."

Ms. Ramos-Santoya responds that insurer is not prejudiced in that insurer's predecessor was informed of Ms. Ramos-Santoya's claims as early as January 6, 2006. Ms. Ramos-Santoya notes that during January to October 2006, her counsel exchanged correspondence, including settlement demands and offers, with AIU North America, an AIG subsidiary, as is insurer.[4] Ms. Ramos-Santoya points out

---

[3] Insurer's papers appear to quote a former version of F.R.Civ.P. 4(m).

[4] This Court presumes that insurer has since taken responsibility for claims made to AIU North America.

that in April 2006, AIU North America paid her property damage claim. Ms. Ramos-Santoya claims that insurer points to nothing "other than the mere passage of time."

Although insurer or its predecessor was aware of Ms. Ramos-Santoya's claims arising from the collision, there is nothing to demonstrate that insurer or its predecessor was aware of her state court action until August 8, 2008 service of the Mexican Consulate. The "notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action." *Singletary v. Penn. Dept. of Corrections*, 266 F.3d 186, 195 (3rd Cir. 2001). "In our opinion, 'action,' as used in Rule 15(c), means a lawsuit, and not the incident giving rise to a lawsuit." *Craig v. United States*, 413 F.2d 854, 858 (9th Cir. 1969) (applying former F.R.Civ.P. 15(c)). Ms. Ramos-Santoya offers nothing that insurer or its predecessor was aware of her state court action within 120 days of its filing.

By the time of service on the Mexican Consulate, the two-year limitations period had run. Ms. Ramos-Santoya's papers suggest that her counsel's last contact with AIU North America was October 4, 2006, when an AIU North American adjuster made a "final" $11,000 settlement offer. Ms. Ramos-Santoya's counsel fails to explain the nearly one-year delay from that final offer to the September 26, 2007 filing of the state court action and in turn another nearly one-year delay to serve the Mexican Consulate. Ms. Ramos-Santoya fails to demonstrate how "the mere passage of time" does not amount to prejudice.

Moreover, Ms. Ramos-Santoya does not address whether insurer knew or should have known that the action would have been brought against insurer in the absence of a mistake as to its identity as a proper party. Ms. Ramos-Santoya merely points to difficulty to locate Mr. Lagunas "for service of process." Ms. Ramos-Santoya offers no facts to excuse her delayed service of the Embassy and Mr. Lagunas. Ms. Ramos-Santoya ignores that she sued incorrect defendants and delayed more than three years after her collision to name insurer as the correct defendant. Ms. Ramos-Santoya is not entitled to relate the FAC back to her original complaint in the absence of meaningful grounds to do so. Her claims against insurer are time barred.

**Absence Of Good Cause**

According to insurer, Ms. Ramos-Santoya lacks good cause to excuse her delay to pursue claims

5

against insurer. At a minimum, "good cause" for F.R.Civ.P. 4(m) relief "means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). To bring an "excuse to the level of good cause," a plaintiff must demonstrate that:

    1.    Defendant to be served "received actual notice of the lawsuit";

    2.    Defendant "would suffer no prejudice"; and

    3.    Plaintiff "would be severely prejudiced" if his/her complaint were dismissed.

*Oyama v. Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

The following timeline is key to address good cause for delay to serve insurer:

    1.    November 17, 2005 – Ms. Ramos-Santoya's collision occurs;

    2.    September 26, 2007 – Ms. Ramos-Santoya files her state court action;

    3.    August 8, 2008 – Ms. Ramos-Santoya serves the summons and complaint for her state court action on the Mexican Consulate;

    4.    January 23, 2009 – This Court dismisses action against the Embassy and Mr. Lagunas;

    5.    February 5, 2009 – Ms. Ramos-Santoya files FAC against insurer; and

    6.    February 9, 2009 – Ms. Ramos-Santoya serves insurer with FAC.

The good cause determination depends upon whether plaintiff made a reasonable effort to effect service and whether the defendant was prejudiced by the failure to serve. *Gordon v. Hunt*, 116 F.R.D. 313, 320 (S.D.N.Y.), *aff'd*, 835 F.2d 452 (2d Cir.1987), *cert. denied*, 486 U.S. 1008, 108 S.Ct. 1734 (1988). "Good cause" for delay longer than 120 days generally means that service had been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control. *Mateo v. M/S Kiso*, 805 F.Supp. 792, 795 (N.D. Cal. 1992), *abrogated on other grounds, Brockmeyer v. May*, 361 F.3d 1222 (9th Cir. 204).

Ms. Ramos-Santoya delayed nearly three years and three months after her collision to add insurer as the correct defendant. Ms. Ramos-Santoya delayed nearly 11 months to serve the Embassy and Mr. Lagunas with a summons and complaint after she filed her state court action. Such nearly 11-month delay far exceeds 120 days, and insurer notes the absence of facts to prevent Ms. Ramos-Santoya to serve the Embassy and Mr. Lagunas with a summons and complaint. Presumably, insurer received actual notice of Ms. Ramos-Santoya's state court action no sooner than her September 26, 2007 filing

6

of it.  The passage of more than three years since the collision contributes to prejudice insurer to defend Ms. Ramos-Santoya's claims.

Failure to satisfy F.R.Civ.P. 4(m) arises from Ms. Ramos-Santoya's inexplicable, inexcusable delay, which could have been avoided with minimal effort.  "Dismissal without prejudice does not mean 'without consequence' . . . If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) (internal quotes omitted); *see Reynolds v. United States*, 782 F.2d 837, 838 (9th Cir. 1986) ("In dismissing the complaint without prejudice [under former F.R.Civ.P. 4(j)], the court left the plaintiff free to start over, if he had the time and inclination to do so.") Prejudice to Ms. Ramos-Santoya is of her own making.

There is no dispute that Ms. Ramos-Santoya did not satisfy F.R.Civ.P. 4(m)'s 120-day deadline to attempt to add insurer as a defendant.  Ms. Ramos-Santoya makes no meaningful attempt to demonstrate good cause for her delay to file this action, to serve the Embassy and Mr. Lagunas, or to bring claims against insurer as the proper defendant.  Ms. Ramos-Santoya's inaction is the antithesis of efficiency to minimize the time between commencement of this action and service of process.  Unsupported difficulty to locate Mr. Lagunas does not translate to excusable neglect to pursue Ms. Ramos-Santoya's claims against insurer as the proper party.

Moreover, Ms. Ramos-Santoya's reference to service in a foreign county is inapplicable to service issues here.  F.R.Civ.P. 4(m)'s reference that it "does not apply to service in a foreign country" indicates that "application of the rule is not triggered by the citizenship of the individual being served but rather the place in which service is effected." *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997).  All service was accomplished in the United States to avoid application of F.R.Civ.P. 4(m)'s last sentence.

Lastly, Ms. Ramos-Santoya frivolously argues that the January 23 order bars insurer's attempt to dismiss this action.  The January 23 order allowed Ms. Ramos-Santoya to file her FAC to name the correct defendant.  It did not bar assertion of limitations or delayed service defenses, which insurer is entitled to assert in his responsive pleading.  *See* F.R.Civ.P. 15(a)(3).

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action; and
2. DIRECTS the clerk to enter judgment against plaintiff Amanda Marie Ramos-Santoya and in favor of defendant The Insurance Company of the State of Pennsylvania and to close this action.

IT IS SO ORDERED.

**Dated:**   **April 2, 2009**             /s/ Lawrence J. O'Neill
                                                         UNITED STATES DISTRICT JUDGE