# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA MARIE RAMOS-SANTOYA, | CASE NO. CV F 08-1868 LJO GSA |
| Plaintiff, | **ORDER ON PLAINTIFF'S RECONSIDERATION MOTION** |
| vs. | (Doc. 38.) |
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, | |
| Defendant. | |

## INTRODUCTION

Plaintiff Amanda Marie Ramos-Santoya ("Ms. Ramos-Santoya") seeks reconsideration of dismissal of defendant The Insurance Company of the State of Pennsylvania ("insurer") arising from Ms. Ramos-Santoya's failure to satisfy F.R.Civ.P. 15(c)(1)(C) to relate back her amended complaint to name insurer as a defendant more than three years after her subject automobile collision. Insurer characterizes Ms. Ramos-Santoya's reconsideration request as "a second bite at the apple by re-arguing the same issues with irrelevant facts and excuses." This Court considered Ms. Ramos-Santoya's reconsideration motion on the record and VACATES the May 14, 2009 hearing, pursuant to Local Rule 78-730(h). For the reasons discussed below, this Court DENIES reconsideration.

## BACKGROUND

### Ms. Ramos-Santoya's Collision

Ms. Ramos-Santoya claims that she suffered personal injuries when her car collided with a car

1

driven by former defendant Jose Antonio Lagunas ("Mr. Lagunas"), an employee of former defendant Embassy of Mexico ("Embassy"). At the time of the November 17, 2005 collision, Mr. Lagunas' car was owned by the Embassy and insured by insurer.

### Timeline

Since insurer was dismissed based on a limitations defense, this Court offers the following timeline:

1. November 17, 2005 – Ms. Ramos-Santoya's collision occurs in Fresno;
2. During January-October 2006 – Ms. Ramos-Santoya's counsel exchanges communications, including settlement demands and offers, with AIU North America;[1]
3. September 26, 2007 – Ms. Ramos-Santoya files her Fresno County Superior Court action against the Embassy and Mr. Lagunas and a staff member of her counsel telephones an AIU North America adjuster and the adjuster's supervisor to ask if they would accept service;
4. August 8, 2008 – Ms. Ramos-Santoya serves the summons and complaint for her state court action on the Mexican Consulate in Fresno;
5. January 23, 2009 – This Court dismisses the action against the Embassy and Mr. Lagunas as improper parties and after removal to this Court;
6. February 5, 2009 – Ms. Ramos-Santoya files her first amended complaint ("FAC") to name insurer as defendant for the first time; and
7. February 9, 2009 – Ms. Ramos-Santoya serves insurer with the FAC.

### Insurer's Dismissal

This Court's April 2, 2009 order ("April 2 order") dismissed the insurer in that the FAC fails to satisfy F.R.Civ.P. 15(c)(1)(C) which permits a complaint to relate back to add a new defendant if:

1. The new defendant received sufficient notice of the original action "within the period provided by Rule 4(m) [120 days] for serving of the summons and complaint" so that the new defendant will not be prejudiced to defend the claim's merits; and

---

[1] This Court presumes that insurer has since taken responsibility for claims made to AIU North America.

2. The new defendant must have known or should have known that "but for a mistake concerning the proper party's identity," the new defendant would have been named in the original complaint.

The April 2 order dismissed insurer in that:

1. "Although insurer or its predecessor was aware of Ms. Ramos-Santoya's claims arising from the collision, there is nothing to demonstrate that insurer or its predecessor was aware of her state court action until August 8, 2008 service of the Mexican Consulate";

2. "Ms Ramos-Santoya does not address whether insurer knew or should have known that the action would have been brought against insurer in the absence of a mistake as to its identity as a proper party"; and

3. "Ms. Ramos-Santoya makes no meaningful attempt to demonstrate good cause for her delay to file this action, to serve the Embassy and Mr. Lagunas, or to bring claims against insurer as the proper defendant."

## DISCUSSION

### Reconsideration Standards

Ms. Ramos-Santoya seeks reconsideration in that this Court misapplied F.R.Civ.P. 4(m) as to the original filing of her state court action and that she is entitled to a limitations period of three, not two, years. Ms. Ramos-Santoya characterizes insurer's dismissal as "manifestly unjust."

Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). A reconsideration motion is restricted:

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the . . . motion. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.*

*Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982)), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (emphasis in original)); *see Novato Fire Protection Dist. v. United States*, 181

3

F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Ms. Ramos-Santoya seeks reconsideration based on "legal errors."

### **Lack Of Knowledge Of Proper Defendant**

Ms. Ramos-Santoya argues that to invoke relation back, insurer needed notice within 120 days of the FAC's February 5, 2009 filing, not the September 26, 2007 filing of her state court action.[2] Ms. Ramos-Santoya points to *City of Merced v. R.A. Fields*, 997 F.Supp. 1326, 1338 (E.D. Cal. 1998), where this Court observed:

> Under Rule 15(c)(3), if an amendment changes a party, the amendment will relate back to the date of the original filing only if the transactions are similar and the party had notice of the amending party's claim within the 120-day period of Rule 4(m).

Ms. Ramos-Santoya contends that insurer had sufficient notice of her original state court action. Ms. Ramos-Santoya points to the September 6, 2007 letter of her counsel to an AIU North America adjuster and which provides in pertinent part:

> At this time we are getting ready to prepare the summons and complaint to protect the case statute. However, we need clarification regarding how to sue your insured as it seems to be a foreign entity. We also need to find out if the driver is a citizen or a national and if he is still living in the United States. At this time, I ask that you call me to discuss the above issues so that we can properly file the complaint in the appropriate court, be it the Federal or Superior Court.

In addition, a staff member of Ms. Ramos-Santoya's counsel claims she left voicemails for the AIU North America adjuster and the adjuster's supervisor "to see if they would accept service of the complaint which was filed in Superior Court."

The key problem for Ms. Ramos-Santoya is that she fails to address the primary issue that she

---

[2] In her reply papers, Ms. Ramos-Santoya asserts that this Court "misstates the notice requirement under Rule 15(c)" and incorrectly "tie[s] the relation back statute to the 120 day service required by Rule 4(m)."

4

is unable to overcome her mistake or lack of knowledge of the proper party to have sued in the first place. Ms. Ramos-Santoya incorrectly named the Embassy and Mr. Lagunas as defendants in her original state court action. Under 28 U.S.C. § 1364, insurer was the proper defendant to name in this Court.

A mistake does not relate back "where, as here, there is a lack of knowledge of the proper party." *Wilson v. United States Gov't*, 23 F.3d 559, 563 (1st Cir. 1994). "[W]e have not viewed lack of knowledge of the proper party to be sued as a 'mistake' as that term is used in Rule 15(c)(3)." *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 366 (4th Cir. 2006), *cert. denied*, 549 U.S. 1208, 127 S.Ct. 1332 (2007). F.R.Civ.P. 15(c)(1) "permits an amendment to relate back where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party." *Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989). The 1991 amendments to F.R.Civ.P. 15(c) note that "mistake" is distinguishable from a lack of knowledge of the proper defendant: "If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as misnomer or misidentification." F.R.Civ.P. 15 advisory committee's note (1991 amendment).

Quite simply, "relation back is not allowed when the plaintiff simply lacks knowledge of the proper party." *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998). F.R.Civ.P. 15(c) is not intended to remedy a mistake where plaintiff "fully intended to sue" a defendant and "did so," but that defendant "turned out to be the wrong party." *Wilson*, 23 F.3d at 563; *see Rendall-Speranza v. Nassim*, 107 F.3d 913, 917-918 (D.C. Cir. 1997) (amendment not allowed where mistake was of "legal judgment rather than mere misnomer"); *Louisiana-Pacific Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434 (9th Cir. 1993) ("There was no mistake of identity, but rather a conscious choice of whom to sue.") "A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose – unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." *Rendall-Speranza*, 107 F.3d at 918.

As demonstrated by the September 6, 2007 letter of Ms. Ramos-Santoya, she simply sued the wrong defendants in her state court action to avoid relation back as to insurer. Ms. Ramos-Santoya lacked knowledge that insurer was the proper defendant to sue. Such lack of knowledge does not entitle

her to relate back the FAC despite her contentions regarding application of F.R.Civ.P. 4(m) and sufficient notice to insurer. Moreover, this Court is troubled by Ms. Ramos-Santoya's reference to the claimed September 26, 2007 communication of a staff member of Ms. Ramos-Santoya's counsel in that such matter is improperly first raised at reconsideration. Insurer points to the lack of correspondence to its representative to confirm filing of the state court action and in turn to notify insurer of the action within 120 days of its filing.

In addition, Ms. Ramos-Santoya's points regarding application of F.R.Civ.P. 4(m) are unavailing. A leading California practice guide addresses F.R.Civ.P. 4(m)'s effect:

> Where an action is filed just before the statute of limitations runs, persons who were aware of the action within the 120-day period for service of summons can later be joined as defendants by an amended complaint under Rule 15(c)(1)(C).
>
> But persons who were *not* aware of the action within the 120-day period *cannot* later be joined as defendants in the action (and any new lawsuit against such parties will be barred). [See *Miguel v. Country Funding Corp.* (9th Cir. 2002) 309 F.3d 1161, 1165]

2 Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Federal Civil Procedure Before Trial* (2009) para. 8:1657, p. 8-186.

Ms. Ramos-Santoya filed her state court action shortly prior to expiration of the two-year limitations period of California Code of Civil Procedure section 335.1. Ms. Ramos-Santoya offers no hard evidence that insurer or its predecessor was aware that Ms. Ramos-Santoya had filed her state court action. The record does not indicate that insurer or its predecessor received a copy of the state court complaint prior to August 8, 2008 service of the summons and complaint on the Mexican Consulate. In fact, Ms. Ramos-Santoya's reply papers reflect that insurer, its predecessor or its counsel did not obtain the complaint until October 2008. Ms. Ramos-Santoya confuses the requirement to have served the FAC within 120 days with application of F.R.Civ.P. 4(m) under F.R.Civ.P. 15(c)(1)(C). Insurer correctly notes that Ms. Ramos-Santoya was required to serve the Embassy and Mr. Lagunas within 120 days of filing her state court action to put insurer on notice of the state court action and that the limitations period had expired prior to this Court's allowing Ms. Ramos-Santoya to file the FAC to add insurer.

## **Three-Year Limitations Period**

For the first time, Ms. Ramos-Santoya contends that she is entitled to the three-year limitations

period of California Code of Civil Procedure section 338(a) for an "action upon a liability created by statute." In the absence of relation back and even assuming the three-year limitations applies, Ms. Ramos-Santoya's claim is time barred in that she filed her FAC on February 5, 2009, more than three years after the November 17, 2005 collision. Moreover, Ms. Ramos-Santoya points to no pertinent, binding authority to entitle her to invoke a three-year limitations period. Ms. Ramos-Santoya's three-year limitations argument is suspect in that she raises it on reconsideration and presumably believed the two-year limitations period applied based on her filing the state court action within two years of her collision. Ms. Ramos-Santoya's reply points about actual notice within the three-year limitations period are irrelevant in that her claim against insurer is time barred and relation back is inapplicable.

Lastly, Ms. Ramos-Santoya's assertions regarding insurer's lack of prejudice and this Court's January 23, 2009 order are unavailing given her inability to invoke relation back. Furthermore, this Court reemphasizes that its January 23, 2009 order merely permitted Ms. Ramos-Santoya to file the FAC to name insurer as a defendant. That order did not adjudicate insurer's limitations defense, which insurer was entitled to pursue and did so.

This order exhausts this Court's discussion on insurer's limitations defense. The FAC was time barred on its filing, and Ms. Ramos-Santoya is not entitled to invoke relation back. The April 2 order properly dismissed her claims against insurer.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES reconsideration.

IT IS SO ORDERED.

**Dated:   May 7, 2009**                    **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE